**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2438
_____

JOHNNIE MICKELL, Appellant

v.

JUDGE VITO P. GEROULO; MAURI B. KELLY, Lackawanna County Administrator;
CATHERINE KACER, Lackawanna County Collection Agency

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:19-cv-01730)
Magistrate Judge: Joseph F. Saporito, Jr. (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2021
Before: CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed: November 1, 2021)
_____

OPINION*
_____

PER CURIAM

Proceeding pro se, Johnnie Mickell filed a civil rights action against a state court

judge (Judge Vito P. Geroulo) and two Lackawanna County employees (Mauri Kelly and

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Catherine Kacer). Mickell alleged that improprieties plagued his multiple earlier court proceedings, which included a sentencing for a DUI conviction.

Adopting the Magistrate Judge's report and recommendation, the District Court[1] dismissed with prejudice and on judicial immunity grounds Mickell's claims against Judge Geroulo. After Kelly and Kacer appeared in the case, they filed a motion to dismiss Mickell's complaint for failure to state a claim.[2][3] The District Court[4] granted that motion, concluding that Kelly and Kacer were entitled to absolute immunity from suit as quasi-judicial officers and, further, that Mickell's claims were legally frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i). Cf. ECF 79 at 11 ("[T]he complaint is largely duplicative of earlier, unsuccessful efforts to secure an award of damages arising out of the same underlying state criminal proceedings and fines. The plaintiff's intent to

---

[1] The Honorable Robert D. Mariani.

[2] Before then, Mickell had moved under Federal Rule of Civil Procedure 55(b) for default judgment against Kelly and Kacer, requesting a six-figure damages award against each. His motion was based on an apparent misreading of the deadlines for waiving service. The District Court struck the motion for default judgment as "premature and improperly filed," ECF 27 at 2, since Mickell had not first moved for entry of default under Rule 55(a). The District Court struck the motion without prejudice to Mickell's ability to refile a similar one after he secured entry of default under Rule 55(a).

[3] In addition to opposing Kelly's and Kacer's motion to dismiss, Mickell filed a motion for summary judgment. The District Court entered an order striking that motion. See ECF 45 at 1 ("Pursuant to the Court's inherent power to manage its docket, the plaintiff's motion for summary judgment . . . shall be **STRUCK** from the record as prematurely filed, without prejudice to the plaintiff's right to refile this or a substantially different motion for summary judgment after the close of discovery.").

[4] The Honorable Joseph F. Saporito, Jr. (henceforth referred to as the District Court), exercising jurisdiction per 28 U.S.C. § 636(C) and the parties' consent, see ECF 29.

vex or harass these defendants is further underscored by his commencement of a subsequent lawsuit concerning the very same claims.") (internal citations omitted).

The District Court's order of dismissal was entered on June 10, 2020. Two days later, the District Court issued an order granting Kelly's and Kacer's motion for sanctions against Mickell under Federal Rule of Civil Procedure 11. A Clerk's Judgment entered that day imposed a monetary sanction against Mickell in the amount of $200. Mickell's subsequent motions to set aside the judgment and for reconsideration were denied by orders entered on June 19 and June 30, 2020, respectively.

On July 13, 2020, Mickell filed a notice of appeal. Because one or both of his post-judgment motions tolled the time to appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) whilst those motions were pending, see Fed. R. App. P. 4(a)(4)(A)(iv), (vi), Mickell's appeal is timely as to any of the orders referenced above.

We have jurisdiction under 28 U.S.C. § 1291. For substantially the reasons given by the District Court in its relevant opinions, Judge Geroulo was properly dismissed from the case on judicial immunity grounds, Kelly and Kacer were properly dismissed from the case on quasi-judicial immunity grounds, and Mickell was properly sanctioned for indefatigably contumacious litigation conduct. Mickell's appellate arguments to the contrary are wholly lacking in merit.[5] We will thus affirm the judgment below. Mickell's motion to expedite, to grant summary judgment and for a remand, is denied.

---

[5] These include the arguments set forth in Mickell's unauthorized "supplemental brief."